# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

## DOCKETING STATEMENT

---

| | |
|---|---|
| Appeal Number | 25-9582 |
| Case Name | Suncor Energy (U.S.A.) Inc. v. U.S. Environmental Protection Agency & U.S. Department of Energy |
| Party or Parties Filing Notice of Appeal Or Petition | Suncor Energy (U.S.A.) Inc. |
| Appellee(s) or Respondent(s) | U.S. Environmental Protection Agency<br>U.S. Department of Energy |
| List all prior or related appeals in this court with appropriate citation(s). | |

## I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

## A.  APPEAL FROM DISTRICT COURT

**1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: _____

**2.**  Date notice of appeal was **filed**:_____

**3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):_____

**a.**  Was the United States or an officer or an agency of the United States a party below?_____

**b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:_____

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): _____

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when? _____

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____

        **(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? _____

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____ _____

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals). _____

    **b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____ _____

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: <u>August 27, 2025</u>

    **2.** Date petition for review was filed: <u>October 27, 2025</u>

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: <u>42 U.S.C. § 7607(b)</u>

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): <u>60 days (42 U.S.C. § 7607(b))</u>

**C. APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed:_____

    **2.** Date notice of appeal was filed:_____
            (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____
\
_____

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____
\
_____

**C.** Describe the sentence imposed. _____
\
_____

_____

**D.** Was the sentence imposed after a plea of guilty? _____

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

**F.** Is the defendant on probation or at liberty pending appeal? _____
\
_____

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____
\
_____

**NOTE**:        In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III.    **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

In the decisions under review, respondent Environmental Protection Agency denied or partially denied Petitioner's applications for small-refinery exemptions from the compliance obligations of Petitioner's Suncor East refinery for the 2024 compliance year and of the Petitioner's Suncor West refinery for the 2018 and 2020-2024 compliance years.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

For compliance years 2018, 2020-2022, and 2024 for the Suncor West Refinery:

1. Whether respondent Department of Energy's findings that petitioner's Suncor West refinery did not demonstrate disproportionate economic hardship sufficient to justify an exemption from its obligations under the Renewable Fuel Standard were arbitrary and capricious.
2. Whether respondent EPA's conclusions, in partial reliance on the findings of respondent Department of Energy, that petitioner's Suncor West refinery did not demonstrate disproportionate economic hardship sufficient to justify an exemption from its obligations under the Renewable Fuel Standard were arbitrary and capricious.

For compliance years 2023 for the Suncor West Refinery and compliance year 2024 for the Suncor East Refinery:

1. Whether respondent Department of Energy's findings that petitioner's Suncor West and Suncor East refineries did not demonstrate disproportionate economic hardship sufficient to justify a total exemption from its obligations under the Renewable Fuel Standard were arbitrary and capricious.
2. Whether respondent EPA's conclusions, in partial reliance on the findings of respondent Department of Energy, that petitioner's Suncor West and Suncor East refineries did not demonstrate disproportionate economic hardship sufficient to justify a total exemption from its obligations under the Renewable Fuel Standard were arbitrary and capricious.

Pursuant to Tenth Circuit Rule 3.4(B), Petitioner reserves the right to raise additional issues in its opening brief.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: ___Daniel Feith_____    Telephone: ___(202) 736-8511_____

Firm: ___Sidley Austin LLP_____

Email Address: _____dfeith@sidley.com_____

Address: ___1501 K Street NW, Washington, D.C. 20005_____

_____

_____


___/s/ Daniel Feith_____        ___November 10, 2025_____

Signature                                                                         Date

**NOTE:**     The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, ___Daniel Feith_____, hereby certify that on

    [attorney for appellant/petitioner]

___November 10, 2025_____, I served a copy of the foregoing **Docketing Statement**, to:

            [date]

___Miranda M. Jensen, counsel for respondents___, at _____

    [counsel for/or appellee/respondent]

_____

_____

_____, the last known address/email address, by

    filing the Docketing Statement via the Court's CM/ECF system._____.

            [state method of service]


                    */s/ Daniel Feith*_____
                    Signature

                        November 10, 2025_____
                    Date

                    Daniel J. Feith
                    Sidley Austin LLP
                    1501 K Street NW
                    Washington, D.C. 20005

                    Full name and address of attorney